# MEHLER LAW PLLC
747 Third Avenue, 32nd Floor
New York, NY  10017-2803

January 7, 2020

**VIA ECF**

The Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re: **United States v. Michael Konstantinovskiy**
           **19-cr-408 (MKB)**

Dear Judge Brodie:

  We write to respectfully request that the Court formally modify our client's bail condition concerning real estate transactions so as to conform it to the modification already granted to co-defendant Tomer Dafna and reaffirmed for co-defendant Avraham Tarshish at our last status conference on December 3, 2019.  *See* Tr. 12/3/19 at 23, 29, attached as Exhibit A.  Co-defendant Iskyo Aronov has filed a similar motion that is currently pending before Your Honor.  *See* ECF Dkt. 93.  Our client understands that, should he choose to do so, he will engage in non-short sale real estate transactions at his own risk, as your Honor has stated.  *See* 12/3/19 Tr. at 29.

  The formal modification that we are asking the Court to "So Order" is as follows:

*Michael Konstantinovskiy may not engage in real estate transactions involving short sales.  That is, he (1) may not sell any existing properties that were acquired through a short sale, and (2) may not purchase any new properties through a short sale.  Finally, (3) he must report the details of any real estate transactions he undertakes to the Court and to Pretrial Services at the end of every month (*emphasis supplied*).*

  As Mr. Aronov's motion put it:

Such a modification, as previously expressed by Your Honor, will eliminate the need for transaction by transaction bail modification applications to be filed with the Court, [and] is consistent with modifications Your Honor has already extended to [other] co-defendants in this matter.

ECF Dkt. 93.

It has become evident that, without this formal modification, our client will encounter the following difficulty: business associates, aware of this case, will be unwilling to work with him. Thus, unless he can clearly show that he is permitted to engage in real estate transactions, his livelihood will remain impaired.

We make this application not only to formalize what the revised bail condition actually is, following the Court's December 3 rulings, but also because the unmodified written bail condition, which requires prosecutorial approval for all real estate transactions, has proved untenable, as we set forth more fully below.

Status Report

At the December 3 conference we reported on our exchanges with the United States Attorney's Office (the "USAO") concerning a non-short sale real estate transaction that our client needs to effectuate in order to save a property from going into foreclosure, and thereby resulting in substantial financial losses that would significantly impact his livelihood. *See* 12/3/19 Tr. at 8-18. The Court gave the prosecutors "two weeks to figure this out." *Id.* at 18. As the Court stated: "Figure it out and let counsel know *one way or the other*." *Id.* (emphasis supplied).

Two weeks passed and we heard nothing. A day after the Court's deadline had expired, we inquired as to the prosecutors' determination. They replied to essentially admit that they had failed to figure it out one way or the other. Then, on the third day after the deadline had expired, the prosecutors wrote again to say that they had "spoke[n] too soon" and in fact had "concerns." Spoken too soon – after keeping our client suspended in a kind of prosecutorial purgatory for nearly two months.

We will allow the prosecutors to outline their concerns themselves should they choose to do so. Suffice it to say none of the issues they raised had anything to do with whether this transaction is a short sale. In other words, it remains true that no short sale has taken place or will take place, but the prosecution is still not appeased.

The issue on the table could not have been more clear: the prosecutors hinged their approval on whether this is a short sale. *See, e.g.,* 12/3/19 Tr. at 12 ("there were supposed to be no short-sale transactions that the Government was going to approve), Tr. at 23-24 (The Court: "No short sale transactions…" Ms. Jones: "…And that means property that he had acquired, even if he acquired it years ago in a short sale."), Tr. 27 ("I have reviewed the public documents. And I've said this looks like a short sale[,] and I am not going to consent to it."). Indeed, the Court restated this position without any clarification from the AUSA. *See* Tr. at 17 ("the prosecutor needs to investigate if, in fact, your clients are attempting to make short sales."), ("If your clients believe that they're making a sale that is not a short sale but the Government has evidence to suggest that it is, then that is a problem and that seems to be the issue here.").

Thus, we have traveled no further than we were a month ago, except to say that our good faith dealings with the USAO have been a waste of time and, upon information and belief, one or more other defense counsel have essentially reached the same conclusion. And in addition to

serious due process concerns raised by the need for prosecutorial approval, there are also serious Fifth Amendment concerns, which were discussed at the December 3 conference. *See* Tr. at 28.

A Better Way Forward

Fortunately, there is another way forward, which emerged *sua sponte* at the same December 3 conference. We quote the transcript at length for context. When the Court suggested to counsel for Mr. Tarshish that "you [should] at least check each property with the government," (12/3/19 Tr. at 28), the following colloquy ensued:

> MS. CASSIDY: I think we do have an issue from a Fifth Amendment perspective. What we have represented to this Court is that Mr. Tarshish will not engage in any real estate transactions that have anything to do with a short sale, whether the property was acquired in a short sale or whether he intends to sell it in a short sale. He will not engage in those activities.
>
> THE COURT: And you believe that should be sufficient and that your client should not have to check with the Government as to any property?
>
> MS. CASSIDY: That's correct.
>
> THE COURT: Okay, and if you want to engage in this that way, that's fine, but understand that at the end of this, if your client did in fact sell properties that the Government proves are part of this scheme than that will be to your client's detriment. All I am trying to do is to prevent that from happening, but if that's how you want to proceed, you have the right to proceed that way.
>
> MS. CASSIDY: That is, for now, how we would prefer to proceed.
>
> \* \* \* \* \* \* \*
>
> THE COURT: But, yes, if that's how you want to proceed. And that's true for any of [the] defendants, you do that at your own risk, right? Understanding that at the end of the day, if the Government proves that any property your client has sold is part of the scheme, that carries a problem.
>
> So are we clear on that?
>
> MS. CASSIDY: Yes, Your Honor.

*Id.* at 28-29. We join Mr. Tarshish in saying: That is, for now, how we also would prefer to proceed.

Additional Background

Finally, we would be remiss in writing the Court if we did not also set out how this varied set of bail conditions developed in the first place. The answer is: happenstance. When the case

3

was indicted, the five defendants included one lawyer and four defendants who are or were real estate professionals. Because of individual bail hearings, different conditions were imposed on different defendants by different magistrate judges.

As mentioned, on December 13, Mr. Aronov moved for a formal and explicit modification of his bail condition. We join in Mr. Aronov's motion to harmonize these otherwise discordant bail conditions. Like defendants should be treated alike, and once again our client fully accepts that he engages in real estate transactions at his own risk. And as discussed above, other real estate professionals will only work with our client if he can clearly show that he is permitted to engage in real estate transactions.

In sum, we respectfully request, for the sake of clarity and for the sake of equality among similarly situated defendants, that Your Honor "So Order" the revised bail condition language, set out on the first page of this letter motion, so as to confirm for outsiders that our client may engage in real estate transactions, except for short sales, with a monthly report to the Court and to Pretrial Services. In this it will match the formal condition in place for co-defendants Mr. Tarshish, Mr. Dafna and, we hope, Mr. Aronov as well.

Dated: January 7, 2020
       New York, New York

                                        Respectfully submitted,

                                        /s/_____
                                        Gordon Mehler
                                        Emily Golub

cc:    AUSA Shannon Jones
       AUSA John Vagelatos

TELEPHONE: (212) 661-2414 · FACSIMILE: (212) 661-8761 · E-MAIL: gmehler@mehlerlaw.com · WEBSITE: www.mehlerlaw.com